*Addison,*
January.
1814.

Patterson
*vs.*
Patterson.

---

### STRONG *vs.* PAINE.

.The Governor's Rights, so called, being five hundred acres of land, granted or reserved to Benning Wentworth, in each township in this State, granted by the governor of the late province of New Hampshire, are by the Charters located and granted in severally, in *lieu* of two shares  If, therefore, such lot, or any part thereof, be cut off by a prior grant, the owner of such lot has no right, a the owner of two shares in common, to a compensation out of other lands in the town, to make his quantity of land equal to two shares, or to make up the quantity of five hundred acres.

THIS was an action of ejectment for fourteen acres of land in the town of Panton, described as part of the Governor's Right.

*Addison,*
January.
1814.

*Plea—the general issue.*

On trial, it appeared in evidence, that on the third day of November, 1761, Benning Wentworth, governor of the late province of New Hampshire, granted the township of Panton to the usual number of proprietors, as tenants in common, to be divided to and amongst them in equal shares, except Benning Wentworth, to whom was granted a tract of land, as marked B. W. on the back of the Charter, containing five hundred acres, to be in lieu of two full shares. On the back of the Charter was drawn a plan of the township; and, in the southeast corner of the plan, was drawn a small square, including the letters B. W. adjoining Otter creek, which was the east boundary of the township.

Benning Wentworth, by will devised to his wife Martha Wentworth, all his estate real and personal, whatsoever and wheresoever, and died in the year 1770, the will was duly proved; and soon after, Martha Wentworth was legally married to Michael Wentworth. Michael and Martha Wentworth, on the 25th day of June, 1783, sold and conveyed to Thaddeus Munson, the tract of land granted

*Addison,*
*January,*
*1814*

*Strong*
*vs.*
*Paine.*

to Benning Wentworth in Panton, described as the governor's lot in said town.

The township of Addison, which lies south of Panton, the grant of which was prior to that of Panton, cut off from the south part of Panton more than one half of the land, comprehended in the grant of the township ; and, in such manner, the township of Addison not being bounded east by Otter creek, as to leave in the southeast corner of Panton, at the place marked B. W. on the plan, a slip of land containing one hundred and twenty five acres, of which Munson took possession, as part of the Governor's Right. The east line of Addison, running northerly in the west line of the above described slip of land, crossed the Creek, making the northeast corner of Addison, on the east side of the creek. The north line of Addison, running from the northeast corner, westerly to lake Champlain, crossed the creek, separating the above described slip of land from the remaining part of the town of Panton.

On the 26th day of March, 1802, Thaddeus Munson, surveyed in the southeast corner of Panton, so made by the intersection of the north line of Addison, with Otter creek, 335 acres as the remainder of the Governor's Right, making up 500 acres. This survey included a lot claimed by Strong the plaintiff, and then in his possession ; and also 14 acres part of a farm, claimed by the defendant Paine, and which he had possessed for more than *twenty* years. It also appeared that Thaddeus Munson had brought an action of ejectment against Strong, the present plaintiff, and included in that action the 14 acres so possessed by Paine, and now demanded in this action. Although the present defendant Paine, was not a party to that suit, yet Munson recovered against Strong, for the whole tract, described in his declaration. After the recovery in that action, Munson sold to Strong the whole of the land so recovered.

*Doolittle* for the plaintiff, offered in evidence, the record of the judgment, in the action of ejectment in favor of Munson against Strong, which was rejected by the Court, as *res inter alios acta.*

*Dolittle* then contended, that the plaintiff had shewn a good title to the land demanded.—That the place where Thaddeus Munson, who owned the Governor's Right in Panton, had made his survey including the land demanded, was, as it had fallen out, the southeast corner of the township of Panton : and answered the descrip-

tion in the grant.—That he was entitled to 500 acres, which by the grant he was to have in lieu of two whole shares, although less than the usual quantity of two shares.

. *D. Chipman* for the defendant. It is admitted that the plaintiff has shewn a clear title to a tract of land, granted to Benning Went-worth, in the township of Panton, called the Governor's Right; and the only question is, whether the land demanded, is a part of that Right or tract.

By the Charter of the township of Panton, the Governor's Right was not granted, to be holden in common with the other proprie-tors, but was clearly granted in severalty, and located in a particu-lar place, in the southeast corner of the township. Suppose, that the prior grant of Addison had extended still farther north, and tak-en the whole township of Panton except the slip of land in the southeast corner; would the other proprietors of Panton, have held that slip of land in common with the owner of the Governor's Right? There could be no foundation for such claim. The right must be holden as it was granted in severalty. And if curtailed, as in this case, the owner of the right must abide by the grant as made, and hold it as located by the Charter. He can have no claim to make up the quantity out of lands granted to the other proprietors as tenants in common.

*By the Court.* The grant in this case, to Benning Wentworth of the tract, commonly called the Governor's lot, was a grant of a tract of land in severalty. It was, in and by the Charter, located and fixed, as much as though it had been granted by metes and bounds, in a separate and distinct Charter, prior to the grant of the township of Panton, and without any reference to it. If Benning Wentworth's title fail to a part or the whole of the lot, by reason of a prior grant of the same tract, there can be no right to a compensa-tion, to be taken out of lands granted to others. Had, in this case, the governor's lot have been marked, or severed in the northeast, instead of the southeast corner of the township, the grantee must have holden the full quantity of 500 acres, although the other gran-tees have not half the quantity intended to be granted to them. Such are the legal, and such are the fair and just consequences of taking the grant in this manner; as the grantee may have the ad-vantages in the one, case, so he must abide by the disadvantages in the other.                      Verdict for the defendant.